UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61595-CIV-COHN/WHITE
(Case No. 09-60181-CR-COHN)

STEPHEN LALONDE,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND
DISMISSING CASE**

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 21]

of Magistrate Judge Patrick A. White to Movant Stephen Lalonde's Motion to Vacate,

Set Aside Or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to

Vacate").  The Court has reviewed *de novo* the Motion to Vacate, Magistrate's Report

and Recommendation ("Report"), Petitioner's Second Supplemental Brief [DE 13],

Petitioner's Supplemental Brief [DE 22][1], the Government's Limited Objections to the

Report of Magistrate Judge [DE 25] ("Government's Objection"), Movant's Objections to

Report and Recommendation of Magistrate Judge P.A. White [DE 27] ("Objections")[2],

---

[1]      The Supplemental Brief was received by the Court on May 21, 2012, three
days after Judge White's Report was docketed.  This Supplemental Brief was delivered
to prison officials for mailing on May 16, 2012.  Garvey v. Vaughn, 993 F.2d 776 (11th
Cir. 1993).  Thus, pursuant to the mail box rule, the Supplemental Brief was filed prior
to Judge White's Report.  Accordingly, the Court has considered the additional
arguments raised in the Supplemental Brief within this Order.

[2]      In addition to filing objections, Movant also filed "Movant's Motion for
Reconsideration of Report of Magistrate Report" [DE 32].  He also appears to have

the Affidavit of Stephen Lalonde [DE 34][3],  the record in the case, and is otherwise

advised in the premises.

## I. BACKGROUND

On July 10, 2009, Movant Stephen Lalonde ("Movant") entered into a negotiated

written plea agreement wherein he agreed to waive indictment and to plead guilty to an

Information to be filed by the Government.  Plea Agreement [CR DE[4] 23].  In the Plea

Agreement, Movant agreed to enter a guilty plea to one count of mail fraud in violation

of 18 U.S.C. § 1341 and one count of making a false statement to the U.S. Department

of Housing and Urban Development in violation of 18 U.S.C. § 1001.  Id.[5]  A change of

plea hearing was held on September 21, 2009.  Minute Entry [CR DE 22].  On

December 18, 2009, Movant was sentenced to a concurrent sentence of 60 months.

Judgment [CR DE 35] at 2.  After sentencing, Movant filed an appeal.  Notice of Appeal

[CR DE 36].  The Eleventh Circuit granted the Government's motion to dismiss,

---

prematurely filed a notice of appeal which seeks to appeal a "final order of denial" even
though no such order was entered.  See DE 26.

[3]     Although purportedly dated June 3, 2012, the Affidavit was not received
by the Court until September 12, 2012.  Nonetheless, the Court has considered the
Affidavit.

[4]     "CR DE" refers to docket entries in Case No. 09-60181-CR-Cohn.

[5]     The Court notes that Movant's objection to Judge White's recitation of the
facts of Movant's case.  The Report's discussion of Movant's case, however, comes
directly from the stipulated factual proffer which Movant stipulated was accurate during
the change of plea proceeding and the presentence investigation report.  See Report at
4 n.3.  For example, in his Objections, Movant disputes that he had signatory authority
on accounts of Spectrum Title.  Yet, in the Stipulated Factual Proffer, Movant agreed
that he had signatory authority for "all operating accounts."  CR DE 24 at 1.  Thus, the
Court overrules Movant's objections to the Report's description of the facts of the
offense.

however, because the Plea Agreement contained a valid appeal waiver.  Order of Dismissal [CR DE 52].

In the Motion to Vacate, Movant raises at least 15 separate issues which he claims entitles him to relief.  As summarized by Judge White, the issues raised pertain primarily to (1) whether his guilty pleas were involuntarily entered and he received ineffective assistance of counsel in connection with the entry of the guilty plea; (2) the government breached the terms of the plea agreement and Movant was denied a direct appeal because of it; (3) the sentencing proceeding was unlawful and his sentence is unlawful; (4) he received ineffective assistance of counsel with regard to the sentence imposed; and (5) he received ineffective assistance of appellate counsel with regard to his direct appeal.  Report at 22.  The Government has raised a limited objection to Judge White's finding that Movant's knowing and voluntary waiver of his right to appeal precluded his claims of ineffective counsel at sentencing.  Government's Objections at 2 ¶ 3.  According to the Government, Movant waived only his right to directly appeal his sentence, but did not directly appeal his right to collaterally attack his sentence.  Id. at 2 ¶ 4.  Thus, the Government states that Movant's claims of ineffective assistance of counsel at sentencing are not precluded by the appellate waiver contained in his plea agreement.  Id. at 2-3 ¶ 4.  In his Objections, Movant raises 46 numbered objections to the Report and contends that he is entitled to an evidentiary hearing.[6]  For the reasons

_____

[6]     Movant objects to the Court's denial of his motion for a copy of his presentence investigation report ("PSI").  See CR DE 55, 57.  This motion was referred by the undersigned to Judge White [CR DE 56]. By paperless order, Judge White denied the Motion pursuant to Bureau of Prison Program Statement Section 1351.05.  See CR DE 57.  In his Objections, Movant takes issue with this denial because he "was not in BOP custody."  Objections at 2.  The Court overrules Movant's objection.  See

discussed below, the Court will adopt Judge White's Report as modified herein, sustain

the Government's limited objection, overrule Movant's objections, and dismiss Movant's

Motion to Vacate.

## II. DISCUSSION

### A. Whether Movant's Guilty Pleas Were Involuntarily Entered and He Received Ineffective Assistance of Counsel in Connection with the Entry of the Guilty Plea.

Movant contends that his guilty pleas were not voluntary because he received

ineffective assistance of counsel.  Movant contends that his guilty pleas were

involuntary because they were based upon (1) material misrepresentations by the

Government and his counsel that he would receive a sentence of 16 months based

upon his cooperation with the Government; (2) threats regarding indicting his wife; (3)

counsel's conflict of interest[7]; (4) his inability to pay counsel's fee if he proceeded to

trial; and (5) counsel's assurances that he would not be deported.

---

United States v. Truesdale, Criminal No. 3:92cr34, 2010 WL 3522266, at *2 (W.D.N.C. Sept. 7, 2010) (declining to send copy of presentence report to incarcerated defendant because "[The BOP has a] "strict policy that inmates not receive copies of their [presentence report]. BOP implemented this policy [f]or safety and security reasons, including the following: Many PSRs [ ] contain information regarding the inmates' government assistance, financial resources, community affiliations, etc. The Bureau [of Prisons] has documented an emerging problem where inmates pressure other inmates for a copy of their PSRs [ ] to learn if they are informants, gang members, have financial resources, etc.") (internal citations and quotation marks omitted).  Although Movant is currently being held by the Broward County Sheriff's Office while awaiting trial in Broward County Circuit Court, Movant is still incarcerated and serving his federal sentence.  Thus, the same rationale behind BOP Section 1351.05 applies to Movant.

[7]    Movant's allegations regarding his counsel's conflict of interest will be addressed separately in Subsection B, infra.

4

To prevail on an ineffective assistance of counsel claim, a defendant must establish that (1) that his counsel's performance was deficient and (2) he suffered prejudice as a result of that deficient performance.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  The Supreme Court has held that a defendant's sixth amendment right to counsel extends to the plea-bargaining process.  Lafler v. Cooper, – U.S. –, 132 S. Ct. 1376, 1384 (2012).  "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice."  Id. at 1384 (citing Missouri v. Frye, – U.S. –, 132 S. Ct. 1399, 1410 (2012) (noting that Strickland's inquiry, as applied to advice with respect to plea bargains, turns on "whether 'the result of the proceeding would have been different'"); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("The ... 'prejudice,' requirement ... focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process").

"A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with an understanding of the nature of the charges and the consequences of the plea."  United States v. Brown, 586 F.3d 1342, 1346 (11th Cir. 2009). Judge White concluded that the record indicated that Movant's guilty pleas were lawful because they were entered knowingly, voluntarily, and freely with the benefit of competent counsel.  Report at 24.  Judge White also found that "[a]ll of the matters about which Movant claims his attorney misadvised him and/or the government misled him were explained to him at the change of plea proceeding ."  Id.

In his Objections, Movant contends that his guilty plea was unlawful because it was based on false promises from the Government and his counsel regarding his

receipt of a reduced sentence due to cooperation with the Government.  Objections at 7-8.  As discussed by Judge White in the Report, a defendant's reliance on his attorney's erroneous prediction of a more lenient sentence does not render a guilty plea involuntary.  Report at 35 (citing United States v. Pease, 240 F.3d 938, 940-41 (11th Cir. 2001).  In Pease, the Eleventh Circuit affirmed the district court's denial of a motion to withdraw a guilty plea where the defendant contended that he plead guilty solely because his attorney inaccurately predicted that he would face a five to ten year sentence.  240 F.3d at 940-41.  Even though the defendant actually received a 30 year sentence, the appellate court declined to find that counsel was ineffective because the defendant failed to establish that his counsel was deficient due to his inaccurate prediction of a potential sentence.  Id. at 941.

To the extent Movant argues that his counsel promised him a 16 month sentence, this assertion is belied by the factual record.  During the plea colloquy, Movant indicated that he understood that the Court could impose any sentence up to the statutory maximum.  Transcript of Change of Plea [DE 14-3] ("Plea Tr.") at 8:5-7. He also affirmed that no promises were made to induce him to sign the plea agreement, id. at 9:3-5, and that he was signing the plea agreement of his own free will.  Id. at 9:14-16.  Accordingly, the Court finds that Movant's conclusory assertion that his counsel promised him a 16 month sentence does not undermine the voluntariness of his guilty plea.  See United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false"); accord United States v. Jerchower, No. 11-15837,

6

2012 WL 3205469, at *4 (11th Cir. Aug. 7, 2012).  Thus the Court agrees with Judge White, that even if Movant's counsel predicted that he would receive a 16 month sentence, his guilty plea was still knowing and voluntary and he did not receive ineffective assistance of counsel.

Movant also objects to Judge White's finding that Movant's allegation that his attorney threatened not to represent him unless he paid an additional sum of money is conclusory and not support by the record.  See Report at 31; Objections at 13.  Judge White concluded that this claim was frivolous because Movant failed to provide any evidence to support this allegation.  Report at 31.  Judge White also observed that at a January 11, 2010 hearing on Movant's *Pro Se* Motion for Leave to Appeal in Forma Pauperis [CR DE 37] and *Pro Se* Motion to Appoint Counsel [CR DE 38], Magistrate Judge Barry S. Seltzer concluded that the fee arrangement between Movant and his attorney "was reasonable in light on the nature and complexity of the charges and the extent of counsel's research, investigation, preparation, and court appearances."  Id. at 31-32 n.14 (citing CR DE 44).[8]

---

[8]       To the extent Movant argues that the attorneys' fees he was charged were excessive, he is not entitled to relief in a 2255 petition.  See United States v. Logan, 845 F. Supp. 2d 499, 510 (E.D.N.Y. 2012) (finding that habeas petition is not vehicle to contest attorneys' fees paid); Baker v. United States, No. 5:04-00917, 2007 WL 2752274, at *2   (S.D. W. Va. Sept. 21, 2007) ("Because the reasonableness of his attorney's fee does not go to the effectiveness of his representation, movant can find no relief under Section 2255."); Shaw v. United States, 371 F. Supp. 2d 265, 271 (E.D.N.Y. 2005) ("Finally, with regard to Shaw's assertions that Schurr's legal fee in the amount of $50,000 was excessive, the Court notes that a Section 2255 petition is not the proper forum for a fee dispute.").  Thus, it is irrelevant, for the purposes of this Motion, whether "counsels [sic] bills and testimony were false and misleading."  See Objections at 13.

The Court agrees with Judge White that Movant has failed to provide any evidence to support this claim. Movant merely alleges in his Supplemental Brief that he requested additional funds from his cancer-stricken brother-in-law to meet his counsel's demand for additional compensation. See Supplemental Brief [DE 22] at 15. These bare allegations are not sufficient to entitle Movant to habeas relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (noting that habeas relief is not warranted when claims are merely conclusory allegations unsupported by specifics); see also United States v. Yizar, 956 F.2d 230, 234 (11th Cir.1992) (stating that a petitioner must set forth sufficient allegations to demonstrate that he is entitled to his requested relief).

Movant also raises an objection to Judge White's conclusion that he is not entitled to relief on his claim that counsel was ineffective for failing to advise him of the consequences of a guilty plea on his immigration status. Objections at 13-14. Specifically, Movant contends that under Padilla v. Kentucky, – U.S. –, 130 S. Ct. 1473 (2010), that "advice outside of the plea before the court by counsel, that is contrary to the deportation consequences of a guilty plea are in fact grounds for ineffective assistance." Id. at 14. In Padilla, the Supreme Court held that "counsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less." 130 S. Ct. at 1486. The Court did not reach the issue of whether Padilla had demonstrated prejudice related to his counsel's deficient performance. Id.

8

at 1487.  Judge White concluded that Movant had failed to establish deficient performance of counsel because, at the plea colloquy, the Court advised Movant that he might be deported.  Report at 32.

Under the prejudice prong of Strickland, a movant must demonstrate that there was a reasonable probability that, but for counsel's errors, the movant would not have pleaded guilty and would have insisted on going to trial.  United States v. Louis, 463 Fed. Appx. 819, 820 (11th Cir. 2012).  Here, the Court agrees with Judge White that Movant has failed to demonstrate prejudice under Strickland.  Movant has failed to make a showing that rejection of the plea bargain would have been rational under the circumstances.  Furthermore, to the extent Movant now claims that he is factually innocent of the crimes he plead guilty to, the Court agrees with Judge White that the evidence against Movant was "overwhelming."  Report at 33.  Moreover, during the change of plea hearing, the Court informed Movant that if he was not a United States citizen, his guilty plea could result in his deportation.  Plea Tr. at 8:13-16.  Movant indicated that he understood this.  Id.[9]  Thus, even if his counsel failed to inform him of

_____

[9] The Court notes that the case Movant relies upon, Padilla, was decided after Movant entered his guilty plea and was sentenced.  Movant entered his guilty plea on September 21, 2009.  See Minute Entry [CR DE 22].  Judgment was entered on December 23, 2009.  See Judgment [CR DE 35].  Padilla was decided on March 31, 2010.  Circuit courts are split as to whether Padilla applies retroactively.  See, e.g., Chaidez v. United States, 655 F.3d 684, 686 (7th Cir. 2011) ( Padilla does not apply retroactively to cases on collateral review); United States v. Orocio, 645 F.3d 630, 641 (3d Cir. 2011) ( Padilla does apply retroactively).  Both the Eleventh Circuit and the Supreme Court have yet to rule on this issue.  Louis, 463 Fed. Appx. at 820; Urteaga-Saenz v. United States, No. 10-22885-KKD, 2012 WL 2945921, at *3 (S.D. Fla. July 13, 2012).

the immigration consequences of his guilty plea, the Movant was informed by the Court that he might face deportation.

### B. Whether Movant Received Ineffective Assistance of Counsel Because His Attorney Had a Conflict of Interest.

In his Objections, Movant contends that his counsel's simultaneous representation of his wife, Amy Lalonde, was a conflict of interest because part of the plea that Movant entered was premised upon the Government's agreement not to charge his wife.  Objections at 5; 9-12.  Although Judge White addressed the issue of whether Movant's counsel had a conflict of interest in the Report, Judge White completed the Report before the Court received Movant's Supplemental Brief. Because the Supplemental Brief relies, in part, on what Movant classifies as new evidence that was not available to him before March 2012[10], the Court has conducted a *de novo* review of Movant's claim regarding his counsel's alleged conflict of interest.

To demonstrate ineffective assistance of counsel regarding a conflict of interest, Movant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."  Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980).  The Supreme Court has stated that an "actual conflict. . . is a conflict of interest that adversely affects counsel's performance."  Mickens v. Taylor, 535 U.S. 162, 172 (2002).  "Although joint representation of multiple defendants creates a danger of counsel conflict of interest, the mere fact of joint representation will certainly not show an actual conflict."  United

---

[10]  Movant contends that he only received the complete file from his criminal case from his counsel's former law firm on March 19, 2012.  See Exhibit 2 to Supplemental Brief.

States v. Saint Surin, No. 11-10640, 2012 WL 1939976, at *2 (11th Cir. May 30, 2012)

(citations and internal quotation marks omitted).  "[T]o prove an actual conflict, a

defendant must make a factual showing of inconsistent interests by pointing to specific

instances in the record."  Id. (affirming denial of motion to withdraw guilty plea because

"appellant's factual assertions that he was adversely affected by an actual conflict of

interest amounted to no more than hypothetical speculation.").

Although Movant contends that his attorney had a conflict of interest because he

represented both Movant and his wife, see Supplemental Brief at 5, the Court finds that

Movant has failed to demonstrate the existence of an actual conflict of interest.  In his

Supplemental Brief, Movant has attached two documents which he contends

demonstrate this conflict of interest.  One document, an October 25, 2009 letter from

Tobi C. Pam of the Florida Office of Financial Regulation to Movant's attorney, Bruce

Udolf, attaches a Stipulation and Consent Agreement for Stephen and Amy Lalonde to

execute.  Exhibit 11 to the Supplemental Brief [DE 22] at 97.  The second document, is

a March 25, 2009 letter from Jeffrey Kay, Assistant United States Attorney for the

Southern District of Florida to Mr. Udolf.  Exhibit 4 to the Supplemental Brief [DE 22] at

32.  This letter states: "[l]astly, you indicated you represent both Amy Lalonde and

Steve Lalonde at this time.  I will leave it to you to explain the potential here of 'conflict'

in such representation and that the Government may seek a 'Garcia Hearing' at a later

date if it becomes necessary."  Id.  For the reasons discussed below, neither of these

documents establish that there was a conflict of interest between Mr. Udolf's alleged

joint representation of Amy and Stephen Lalonde.

At most, Movant, through these documents, has established that, at some point in time, Mr. Udolf represented both husband and wife.[11]  There is no indication, however, that Mr. Udolf continued to represent Mrs. Lalonde in July 2009 when Movant was indicted or in September 2009 when Movant entered his guilty plea.  Moreover, even if Mr. Udolf had continued to represent Movant's wife, such conflict is entirely hypothetical.  Movant's argument that his attorney was conflicted because he did not receive a reduced sentence for acceptance of responsibility is entirely conclusory and does not demonstrate the presence of an actual conflict.

Finally, the Court finds that Movant has also failed to demonstrate that any conflict "adversely affected counsel's performance."  Mickens, 535 U.S. at 170.  Movant argues that his attorney's performance was impacted by the conflict because his attorney failed to object to a sentence enhancement for breach of trust.  See Supplemental Brief at 6.[12]  This contention is factually incorrect.  Movant did not receive an enhanced sentence for breach of trust because the Court sustained his attorney's objection to the enhancement at sentencing.  Sentencing Tr. at 3:6-15.  Thus, because Movant has failed to establish how any purported actual conflict adversely impacted his counsel's performance, he is not entitled to relief on this claim.

---

[11]      The later letter, dated October 25, 2009, refers to Mr. Udolf's "client Stephen Lalonde and . . . his wife Amy."  Exhibit 11 to the Supplemental Brief [DE 22] at 97.

[12]      Movant appears to assert that because it was actually his wife, Amy, who had signatory authority for Stewart Title, his attorney failed to object to an enhancement for breach of public trust leveled against Movant.  Supplemental Brief at 5-6.

**C. Whether the Government Breached the Terms of the Plea Agreement and Movant was Denied a Direct Appeal Because of It.**

In his Report, Judge White concluded that "[t]he record in this case clearly belies Movant's claim that the government breached the terms of the plea agreement." Report at 37.  In his Objections, Movant contends that the Government breached the plea agreement because both the Government and the Court relied upon a "perjurous affidavit" to determine that he was not entitled to a reduction for acceptance of responsibility.  Objections at 16.  Movant also contends that because the Court informed him at the time of sentencing that he had the right to appeal the sentence imposed, he was not foreclosed from appealing his sentence.  Id. at 17.  For the reasons discussed below, the Court agrees with Judge White's conclusion and finds Movant is not entitled to relief under this claim.

The burden is on the Movant to demonstrate, by a preponderance of the evidence that the plea agreement was breached.  United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993).  As Judge White observed, the very terms of the plea agreement state that the Government was not required to recommend an offense level reduction for acceptance of responsibility if Movant: (1) failed or refused to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) misrepresented facts to the Government prior to entering into the plea agreement; or (3) committed any misconduct after entering into the plea agreement.  Plea Agreement [CR DE 23] ¶ 9.  Movant stated on the record at the change of plea hearing that he understood the terms of the plea agreement and was signing the plea agreement voluntarily.  Plea Tr. at 8:17-9:10.

13

Thus, Movant's conclusory statement that he understood the plea agreement to mean that he would receive a three point reduction for acceptance of responsibility is belied by the factual record which explicitly conditioned the Government's recommendation on Movant's conduct.  See Objections at 17.  Furthermore, contrary to Movant's assertion that the Court relied solely upon a false affidavit[13] to deny the sentence reduction, the Court also relied upon the probation officer's observation that scripts were still at Movant's place of business after the change of plea hearing, his lack of cooperation with the probation officer assigned to his case, and allegations against Movant filed in a complaint brought by the Federal Trade Commission.  Sentencing Transcript [CR DE 49] ("Sentencing Tr.") at 6-13.  Based on this record, the Court concluded that Movant had "failed to establish by a preponderance of the evidence that he ha[d] refrained from engaging in criminality subsequent to the entry of his guilty plea."  Id. at 13:13-19; see also Collins v. United States, No. 11-10311, 2012 WL 2803415, at *1 (11th Cir. July 10, 2012) ("The defendant carries the burden of clearly demonstrating his acceptance of responsibility.").  Movant has not provided any evidence, other than his own unsubstantiated assertions, to overturn this Court's previous finding that Movant was

---

[13]      The Court does not credit Movant's argument that the affidavit of Anthony Whiting was false.  Movant bases this argument primarily upon his unsubstantiated claim that Mr. Whiting was a fired employee who lied in his affidavit.  Supplemental Brief at 13. He also bases this argument on an affidavit from Michael Ammundsen. See DE 1-3.  The Court agrees with Judge White that this affidavit should be viewed with suspicion.  Report at 50-51.  Furthermore, the Court already considered Counsel's argument at the sentencing hearing that Whiting was a disgruntled employee. Sentencing Tr. at 9:19-22.  Thus, the Court agrees with Judge White that the outcome at sentencing would have been the same regardless of whether Mr. Ammundsen testified.

not entitled to a sentence reduction for acceptance of responsibility.[14]  Thus, the Court agrees with Judge White that the Government did not breach the plea agreement and Movant's counsel was not ineffective for failing to object to the purported breach of the plea agreement.  See Report at 38-39.

The Court also disagrees with Movant's contention that he was entitled to appeal.  Although the Court did advise Movant at the end of the sentencing hearing that he had the right to appeal, at the change of plea hearing, the Court extensively discussed the appeal waiver and the circumstances under which Movant would be able to appeal.  Plea Tr. at 9:17-10:21.  Thus, Movant's waiver of his right to appeal was knowing and voluntary.  See United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir.1993).

### D. Whether the Sentencing Proceeding was Unlawful and Whether Movant's Sentence is Unlawful.

Judge White rejected Movant's arguments regarding the lawfulness of Movant's sentencing/sentence.  See Report at 39-43.  Judge White found that Movant was not entitled to relief on his claims regarding the lawfulness of his sentencing/sentence because "the challenges to the sentence imposed are procedurally barred from postconviction review on the merits by the sentence appeal waiver contained in

---

[14]     The Court finds it incredulous that Movant maintains that he should have received a sentence reduction for acceptance of responsibility when throughout his pleadings in this case, he has attempted to assert his innocence for the conduct he stipulated to in the Factual Proffer.  See, e.g., Objections at 4 (denying that he had signatory authority for Spectrum Title and asserting that he did not operate Spectrum Title and was not involved in origination of loans, handling of closings, or false representations to HUD).

Movant's plea agreement." Id. at 40.   Movant objects to this finding because he argues that the appellate waiver is not valid because the Government beached the plea agreement and the Court instructed Movant that he had the right to appeal.  Objections at 18.  For the reasons discussed in Subsection C, supra, the Court rejects Movant's argument that the appellate waiver is invalid.  Although Movant waived his right to a direct appeal, he in fact filed an appeal which raised only the issue of the Court's denial of a sentence reduction for acceptance of responsibility.  Appellate Brief, Case No. 10-10071 at 17.[15]  Thus, the Court agrees with Judge White's conclusion that other issues regarding the lawfulness of Movant's sentence were procedurally defaulted unless Movant demonstrates cause and actual prejudice or actual innocence.  Lynn v. United States, 365 F.3d 1225, 1234-35 (11th Cir. 2004).  Here, Defendant has failed to demonstrate either.

Even if Movant's claims regarding the lawfulness of his sentence were not procedurally defaulted, the Court nonetheless finds that these claims are without merit.[16]  First, regarding Movant's claim that the Court improperly denied an unopposed motion to continue the sentencing hearing to give him additional time to cooperate, Movant must establish that "the denial caused specific substantial prejudice."  United States v. Verderame, 51 F.3d 249, 251 (11th Cir. 1995).  In light of the fact that Movant

---

[15]     Although the Eleventh Circuit ultimately granted the Government's motion to dismiss the appeal due to the appellate waiver and did not resolve his appeal on the merits, Movant did not attempt to raise any additional claims on direct appeal.

[16]     The Court has already addressed Movant's argument that the Government and Probation made false statements at his sentencing in Subsection C above.  It bears repeating, however, that there is no competent evidence to support this assertion.

had nearly two months between entry of his guilty plea and sentencing in which to cooperate, yet continued to engage in misconduct once he entered his guilty plea and did not cooperate with probation officer in completing the presentence investigation, the Court finds this claim is without merit.  Additionally, Movant's claim that he never received a copy of the PSI is belied by the factual record.  See Supplemental Brief at 19.  At the sentencing hearing, Movant stated on the record that he had received a copy of the PSI.  Sentencing Tr. at 2:22-24.  Petitioner's argument that he improperly received an enhancement for abuse of trust at sentencing is patently false.  See Supplemental Brief at 19.  At sentencing, the Government conceded that this enhancement was not warranted, the Court sustained the objection, and Movant's total offense level was reduced by two.  Sentencing Tr. at 3:6-15.

Movant's argument that the presentence investigation was conducted in violation of Federal Rule of Civil Procedure 32 must also be summarily denied.  Although Movant asserts that his attorney did not attend the presentence investigation meeting with probation, Memorandum of Law in Support of Motion to Vacate [DE 1-1] at 47, Rule 32, provides only that a probation officer "must, on request" give the defendant's attorney notice and a reasonable opportunity to attend the interview."  Fed. R. Crim. P. 32(c)(2).  Here, taking Movant's contention as true, Movant's attorney was aware of the meeting, but unable to attend.  Thus, there was no violation of Rule 32.  Moreover, Movant has no constitutional right to representation at a presentence investigation meeting.  United States v. Hodges, 259 F.3d 655, 660 (7th Cir.2001) (observing that a presentence

interview is not a critical stage in the proceedings where the presence of an attorney is required.).[17]

Finally, Movant's argument that a <u>Jencks</u> act violation occurred at sentencing does not entitle him to relief.  As discussed above, the burden was on Movant to demonstrate his entitlement to a sentence reduction for acceptance of responsibility.  The Court concluded that Movant failed to meet this burden and was not entitled to the sentence reduction due to his own affirmative misconduct.  Whether Movant's counsel received the affidavit cited by the Government at the hearing earlier would not have changed the Court's conclusion that Movant was not entitled to a sentence reduction because the testimony of the probation officer, who was present in Court, corroborated the affidavit's assertion that Movant continued to operate his business after he entered his guilty plea.  Thus, even if this affidavit was <u>Jencks</u> act material, Movant is unable to demonstrate prejudice.  <u>See</u> <u>United States v. Williams</u>,  259 Fed. Appx. 281, 287 (11th Cir. 2007) ("We need not address these issues because the non-disclosure of the Jencks document must prejudice the defendant in order to warrant relief.").

---

[17]    Movant objects that the presentence investigation is not a critical stage of the proceedings.  Objections at 25.  In <u>Lafler v. Cooper</u>, the Supreme Court held only that "[t]he constitutional guarantee applies to ***pretrial critical*** stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice."  132 S. Ct. at 1385 (emphasis added).  Thus, Movant's interpretation of this case's holding is incorrect.

**E. Whether Movant Received Ineffective Assistance of Counsel with Regard to the Sentence Imposed.**

Movant also challenges the effectiveness of his counsel at the sentencing hearing.  The Government raised a limited objection to Judge's White's finding that Movant's "voluntary waiver of his right to appeal precluded his claims of ineffective assistance of counsel at sentencing as raised in his § 2255 motion."  Government's Objection at 2.  The Government contends that while Movant waived his right to directly appeal his sentence, he did not waive his right to collaterally attack his sentence.  Id.  Accordingly, the Government argues that Movant's claims of ineffective assistance of counsel at sentencing are not precluded by the appellate waiver.  Id.  The Government contends that Movant's claims of ineffective assistance of counsel at sentencing must still be denied on the merits, however, for the reasons discussed in the Report.  Id. at 3-4.  Upon review, the Court agrees with the Government that the appellate waiver did not foreclose Movant from bringing his ineffective assistance of counsel claim related to the sentencing and sentence imposed.  The Eleventh Circuit has held that Williams v. United States cannot be read "to apply to sentence-appeal waivers, as here, that do not specifically contemplate collateral attacks."  Thompson v. United States, 353 Fed. Appx. 234, 236 (11th Cir. 2009).  Because Movant's appellate waiver does not foreclose collateral attacks, his ineffective assistance of counsel claim relating to his sentence and sentencing is not barred.  See id.  Accordingly, the Court will sustain the Government's Objection and modify the Report as described above.

The Court concludes, however, that Movant's claim for ineffective assistance of counsel fails.  As discussed by Judge White in the Report, Movant's counsel filed

19

objections to the PSI.  See CR DE 31.  During the sentencing hearing, the Court also

sustained the parties' joint objection for an enhancement for breach of trust.[18]  Although

the Court found that Movant was not entitled to a reduction of sentence based upon

acceptance of responsibility, the record reflects that this was based upon the Movant's

own affirmative misconduct[19] and not his attorney's performance.  Additionally, as

Judge White points out, the Court stated on the record at the sentencing hearing: "a 60-

month sentence is reasonable regardless of the reduction or not for acceptance of

responsibility."  Sentencing Tr. at 19:10-12.  Based on this factual record, the Court

agrees with Judge White that counsel's performance was not deficient.  See Report at

49-52.[20]  The Court also agrees that Movant has failed to establish prejudice because

the record establishes that it was Movant's own affirmative misconduct, not the

_____

[18]     Movant argues incorrectly in his Supplemental Brief that he received the
breach of trust enhancement.  See Supplemental Brief at 4.  This is not the case, as
discussed, supra.

[19]     To the extent Movant objects to Judge White's statement that a police
officer entered his place of business, this objection is sustained to the extent that the
testimony at the sentencing hearing reflects that it was the probation officer who visited
Movant's place of business.  See Objections at 21; Sentencing Tr. at 6:10-18, 10:23-
11:4.

[20]     In his Objections, Movant contends that his attorney was ineffective
because he did not request a sentence that was comparable to defendants in other
cases who committed similar crimes.  Objections at 22.  Movant contends that the case
law cited in the Report is inapposite because these cases discussed sentencing
disparities amongst co-defendants.  The Court does not find this argument persuasive.
As Judge White observed in the report, the Sentencing Guidelines anticipate disparity
of sentences amongst defendants who committed similar offenses.  Moreover,
Movant's sentence was based upon the unique facts of his particular case.  The Court
does not credit Movant's subjective–and self serving–opinion that those who committed
more egregious crimes received lesser sentences.

performance of his attorney, which led the Court to deny Movant a reduction for acceptance of responsibility.

### F. Whether Movant Received Ineffective Assistance of Appellate Counsel with Regard to His Direct Appeal.

In his Report, Judge White concluded that Movant failed to demonstrate any ineffectiveness on the part of his appellate counsel. Report at 53-56. Movant objects that his appellate counsel was ineffective because counsel "fully avoided [him] and ignored [his] attempts to communicate." Objections at 28. The Court finds that Movant has failed to demonstrate the ineffectiveness of his appellate counsel. As pointed out by Judge White, Movant signed a valid appeal waiver which resulted in the Eleventh Circuit dismissing his appeal. Movant would not have been able to withdraw his guilty plea based on the sentence imposed. Plea Agreement ¶ 4. Movant has also failed to establish the bias of this Court. See Report at 55. Accordingly, Movant's appellate counsel was not ineffective for failing to raise frivolous claims on appeal. Report at 56.

### G. Any Other Claims.

Movant objects to footnote 22 of the Report which states that: "[a]ny additional claim or subclaims not specifically addressed in this report are found to be without merit." Report at 58 n.22. Movant claims that the Court's failure to address all his claims violates Clisby v. Jones, 960. F.2d 925, 936 (11th Cir. 1992). In Clisby, the Eleventh Circuit held that district courts "must resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934; see also Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending Clisby's requirement to resolve all claims for relief to section

21

2255).  A "claim for relief" is "any allegation of a constitutional violation."  <u>Clisby</u>, 960

F.2d at 936.  Movant has not identified any **constitutional** claims that Judge White

failed to consider.  The Court has reviewed Movant's submissions *de novo* and has not

identified any additional constitutional claims raised by the Movant that Judge White

failed to consider.[21]  Accordingly, this objection will be overruled.

### H. Whether Movant is Entitled to an Evidentiary Hearing.

Unless "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief," the court shall "grant prompt hearing thereon,

determine the issues and make findings of fact and conclusions of law with respect

thereto."  28 U.S.C. § 2255(b).  "[I]f the record refutes the applicant's factual allegations

or otherwise precludes habeas relief, a district court is not required to hold an

evidentiary hearing."  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007).  Here, the Court

finds that the factual record does not entitle Movant to habeas relief.  Accordingly, the

Court will overrule Movant's objections and agree with Judge White that Movant is not

entitled to an evidentiary hearing.  <u>See</u> Report at 56-57; Objections at 30-31.

### I. Whether Movant is Entitled to a Certificate of Appealability.

Finally, Judge White recommends that Movant be denied a certificate of

appealability.  The Court concludes under <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000),

that Movant has not shown that "jurists of reason would find it debatable whether the

---

[21]     For example, Movant's initial brief contains numerous allegations that
counsel was ineffective for failing to raise various arguments that Movant was entitled to
a downward departure at sentencing.  <u>See</u> DE 1-2 at 35-47.  In the Report, however,
Judge White disposed of these claims by noting that Movant's counsel was prohibited
under the plea agreement from seeking a downward departure.  Report at 49.

petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Accordingly, the Court will deny Movant a certificate of appealability.

III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Magistrate Judge's Report and Recommendation [DE 21] is hereby **ADOPTED**, as modified herein;

2.   Movant's Objections [DE 27] are hereby **OVERRULED**;

3.   The Government's Limited Objections to the Report of Magistrate Judge [DE 25] are **SUSTAINED**;

4.   The Motion to Vacate Sentence [DE 1] is hereby **DENIED**;

5.   The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

6.   Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealabilty because Movant has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.